UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUNO CHOINIERE,　　　　　　　　　　　　No. 08-14854

　　　　Plaintiff,　　　　　　　　　　　　District Judge Denise Page Hood

v.　　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

FEDERAL BUREAU OF PRISONS,

　　　　Defendant.
　　　　　　　　　　　　　　　　　　　　/

**REPORT AND RECOMMENDATION**

On November 19, 2008, Plaintiff, a prison inmate in the custody of the Federal Bureau of Prisons ("BOP") filed a *pro se* civil complaint pursuant to the Freedom of Information Act ("FOIA"), 5U.S.C. § 552 *et seq*. Before the Court is Defendant's Motion to Dismiss (or in the Alternative for Summary Judgment) [Docket #13], and Plaintiff's Motion to Stay (or in the Alternative for Summary Judgment) [Docket #15][1], which have been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Defendant's motion [Docket #13] be GRANTED, dismissing the FOIA claims with prejudice and the First Amendment right of access claim without prejudice. I further recommend that Plaintiffs' motion [Docket #15] be DENIED.

**I.　FACTS**

Plaintiff's Amended Complaint [Docket #9] is somewhat disjointed and difficult to

---

[1] Plaintiff's motion #15 incorporates an attached "Motion to Strike under F.R.Civ.P. 12(f). In substance, his pleadings constitute a response to the present motion to dismiss, and also request summary judgment in his favor, based on the same facts and arguments.

-1-

follow. However, giving it the liberal construction afforded *pro se* litigants, *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000), it may be fairly read to challenge a number of disputed FOIA requests.

On or about January 16, 2008, Plaintiff requested, pursuant to 5 U.S.C. § 552(g), "an index of all major information systems of the agency, a description of major information and record locator system maintained by the agency, and a handbook for obtaining various types and categories of public information from the agency." *Amended Complaint*, Docket #9, Exhibit G-3.

Also on January 16, 2008, Plaintiff submitted a second request for "administrative staff manual(s) and instruction(s) to staff concerning the legal reference material, such as Nexus, West Law, required to be available at an institutional law library." *Id.*, Exhibit G-7.[2]

Plaintiff made three FOIA requests on or about February 21, 2008. First, he requested the BOP's Administrative Remedy Indexes and Responses ("ARIR"). *Amended Complaint*, Docket #9, Exhibit G-6. Second, he requested BOP Program Statement 1237.13 and indices of "all BOP program statements available nationwide within the BOP." *Id.*, Exhibit G-4. Third, he requested various BOP employment manuals. *Id.*, Exhibit G-5.

In each of the above requests, Plaintiff requested a fee waiver.

In response, the BOP sent Plaintiff a letter on September 3, 2008, denying the request for a waiver of fees, which were estimated at $170.00, the bulk of which was attributable to the ARIRs. *Defendant's Exhibit 1*, Docket #13. The fee waiver denial was

---

[2] In the body of his Amended Complaint, Plaintiff alleges that he requested access to the Nexis and Westlaw databases. This is incorrect. As Exhibit G-7 shows, he requested only the staff manuals.

based on an analysis under 5 U.S.C. § 552(a)(4)(A)(iii). Plaintiff was told to either pay the fee or reformulate his request "to meet [his] needs at a lower cost."  He was advised, pursuant to 28 CFR § 16.11(e), that until one of those two actions was taken, "this request will not be considered as received and no further action will be taken." *Id*.

On July 25, 2008, Plaintiff re-submitted the above FOIA requests to the Federal Bureau of Prisons in Washington, D.C.  *Amended Complaint*, Exhibit G-2.  In his letter, he stated that if fees were applicable, he would file a request for a fee waiver, "since these requests are for the benefit of the public, not for commercial use, and are to assist Congress in developing laws or program[s] for the United States of America for the securement of the liberty and posterity of wrongfully convicted persons, who are presently illegally confined under conditions of involuntary servitude." *Id*.

As noted above, on September 3, 2008, the BOP responded by letter to the February 21, 2008 requests.

On September 15, 2008, Plaintiff again wrote to the BOP in Washington, requesting acknowledgment of his July 25th request. *Id*., Exhibit G-1.

Defendant has submitted, as Exhibit 2 to its motion, the declaration of Ron Hill, a FOIA administrator at the BOP.  As to the three February 21, 2008 requests, Mr. Hill states that Plaintiff did not respond to his September 3rd response, nor did he file an administrative appeal of that decision.  Mr. Hill also states that the BOP never received Plaintiff's follow-up requests of July 25, 2008 and September 15, 2008.

Attached to Plaintiff's own motion [Docket #15] as Exhibit A are certified mail receipts indicating that employees of the BOP signed for (and hence received) his correspondence on August 4, 2008 and September 22, 2008.

Plaintiff's Amended Complaint also alleges that by depriving him of these

materials, the BOP has infringed upon his First Amendment right to access the courts.

## II. STANDARD OF REVIEW

### A. Rules 12(b)(1) and 12(b)(6)

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[3] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65

---

[3] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

-4-

(internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937,__L.Ed.2d__ (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[4] First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. At 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950(Internal citations omitted).

### B. Rule 56 (Summary Judgment)

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary

---

[4] *Twombley* was an antitrust case. *Iqbal* was a prisoner civil rights case. In any event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

## III. DISCUSSION

### A. Exhaustion under FOIA

As an initial matter, Defendant argues that this Court is precluded from hearing Plaintiff's FOIA claims because Plaintiff did not exhaust the administrative appeal process.

Defendant is correct that completion of an administrative appeal is necessary before bringing a FOIA suit in federal court. *See Dettman v. United States Dept. of Justice*, 802 F.2d 1472, 1476-77 (D.C. Cir. 1986). The appeal procedure is described in 28 C.F.R. § 513.66:

> "If a request made pursuant to the Freedom of Information Act is denied in whole or in part, a denial letter must be issued and signed by the Director or his or her designee, and shall state the basis for denial under § 513.32. The requester who has been denied such access shall be advised that he or she may appeal that decision to the Office of Information and Privacy, U.S. Department of Justice, Suite 570, Flag Building, Washington, D.C. 20530. Both the envelope and the letter of appeal itself should be clearly marked: 'Freedom of Information Act Appeal.'"

However, 5 U.S.C. § 552(a)(6)(A)(1) provides a 20-day time limit for agency response to a FOIA requests:

> **(6)(A)** Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall--
>
> **(i)** determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.

If the agency does not comply with this time limit, § 552(a)(6)(C)(i) provides that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit

provisions of this paragraph."

Plaintiff initially sent his FOIA requests in January and February, 2008. The Defendant did not respond until it sent its denial letter on September 3, 2008, and has not shown "exceptional circumstances" to excuse the delay. Moreover, although Defendant, through Mr. Hill's declaration, asserts that it never received Plaintiff's correspondence of July 25 and September 15, 2008, Plaintiff has submitted return certified mail receipts indicating that employees of the BOP signed for (and hence received) his correspondence on August 4, 2008 and September 22, 2008. Plaintiff's correspondence was addressed to "Director, Federal Bureau of Prisons, 320 First Street, NW., Washington, D.C. 20534," the exact address set forth in 28 C.F.R. § 513.60.

Thus, Plaintiff has satisfactorily shown that (1) he sent FOIA requests in January and February of 2008, along with follow-up requests in August and September; (2) the BOP received those requests; and (3) the BOP did not respond within 20 days. Therefore, under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies, and this Court may proceed to the merits of his claims.

### B. FOIA Requests of January 16, 2008

On January 16, 2008, Plaintiff requested "an index of all major information systems of the agency, a description of major information and record locator system maintained by the agency, and a handbook for obtaining various types and categories of public information from the agency." On February 22, 2008, the Defendant responded to this request by sending Plaintiff 81 pages of information. *See* Docket #13, Defendant's Exhibit 2.

Also on January 16, 2008, Plaintiff requested "administrative staff manual(s) and instruction(s) to staff concerning the legal reference material, such as Nexus, West Law,

required to be available at an institutional law library." Defendant responded to this request in a letter dated June 19, 2009, stating, "In response to your request, a search was conducted for any/all staff manuals and/or instructions to staff concerning legal reference material. This search resulted in no records being found." *Hill Declaration, Defendant's Exhibit 2, Attachment H.*

Because Plaintiff either received the requested material that was in Defendant's possession, or was properly notified that the requested material was not in Defendant's possession, these claims are moot. *See GMRI, Inc. v. E.E.O.C.*, 149 F.3d 449, 451 (6th Cir. 1998)("Once the EEOC turned over everything in its possession related to plaintiff's FOIA request, the merits of plaintiff's claim for relief, in the form of production of information, became moot"). *See also Foster v. United States Dept. of Justice*, 933 F.Supp. 687, 694, n.9 (E.D. Mich. 1996). Therefore, Plaintiff's FOIA claims as to his January 16, 2008 requests should be dismissed.

### C. FOIA Requests of February 21, 2008

In each of the three requests made on February 21, 2008, Plaintiff requested a fee waiver. In its response of September 3, 2008, Defendant estimated the fees for copying at $170.00, and denied the fee waiver requests. The Plaintiff's challenge to this denial fails on the merits.

In his Amended Complaint, Plaintiff contends that he is entitled to a fee waiver "due to [his] pending case, due to indigence, and due to BOP and its agents having acted in bad faith." In the FOIA requests themselves (appended to the Amended Complaint), Plaintiff sought fee waiver only under 5 U.S.C. § 552(a)(4)(A)(iii), claiming that "a waiver of fee applies to this present request, since the disclosure of the above information will contribute to the understanding of this undersigned of the operation and activity of

this agency, and is only for his personal use."

First, Plaintiff's arguments for a fee waiver based on his indigence, his status as a prison inmate, or the alleged "bad faith" of the Defendant are not properly before this Court. In his FOIA requests, he did not ask for a fee waiver on any of these grounds, but rather asserted *only* his entitlement to a waiver under § 552(a)(4)(A)(iii). His other arguments, therefore, have not been administratively exhausted. Moreover, as Defendant points out, indigence and prisoner status are not adequate grounds for a FOIA fee waiver. *See Bordas v. Dept. of Justice*, 583 F.Supp.2d 128, 132 (D.D.C. 2008); *Bansal v. Drug Enforcement Admin.*, 2007 WL 551515, *6 (E.D. Pa. 2007).

Nor is Plaintiff entitled to a fee waiver under § 552(a)(4)(A)(iii), which provides:

> "**(iii)** Documents shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

In its denial letter of September 3, 2008, Defendant thoroughly analyzed and discussed six factors to determine "whether a sufficient contribution to public understanding of government operations or activities would result from disclosure." Defendant concluded:

> "On the basis of all of the information available to me, I have concluded that your request for a waiver of fees should be denied. In reaching my conclusion, I analyzed the above six factors as they applied to the circumstances of your request. There is no evidence that releasing the information to you will contribute to the understanding of the general public at large. Nor [am I] aware of any significant public understanding of government operations or activities that would result from the release of the records sought. Therefore, your request for a fee waiver is denied."

It is the Plaintiff's burden to satisfy this statutory "public interest" standard. *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1284-85 (9th Cir.

1987), and Plaintiff, by his own admission, falls short of that burden: In his FOIA requests, he stated that the disclosure of the information "will contribute to the understanding *of this undersigned* of the operation and activity of this agency." (Emphasis added). The release of the requested material has nothing to do with the public understanding of anything; it has to do with Mr. Choiniere's desire to better his own situation by trying to overturn his criminal conviction. The Defendant's rejection of the fee waiver request was well-reasoned and supported by both facts and law.

Accordingly, Plaintiff's FOIA claims as to the February 21, 2008 requests must be dismissed on their merits.

### D. Access to the Courts

Finally, Plaintiff makes a non-FOIA claim that his First Amendment right of access to the courts was impeded by the Defendant's failure to turn over requested legal material. This claim would be made pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the federal analog to 42 U.S.C. § 1983.

Plaintiff has filed a separate complaint in *Choiniere v. Citchen, et al.*, Case No. 08-14853, in which he also asserts a First Amendment right of access claim. Plaintiff names the same Defendants in that case (Citchen, Moody, Guidry, Aviles and Eichenlaub) as he does in this case at p.4 of his Amended Complaint. Setting aside the question of whether the two cases should have been consolidated as companion cases, I filed a Report and Recommendation in No. 08-14853 [Doc. #83] that the case be dismissed without prejudice for failure to exhaust the BOP grievance procedure, as required by 42 U.S.C. § 1997e(a).

To reiterate what I wrote in that Report and Recommendation, under the Prison

Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001).[5] Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81,92, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

The Federal Bureau of Prisons has a four-step administrative process for resolving inmate grievances: (1) at the first step, the inmate is required to "present an issue of concern informally to staff...." 28 C.F.R. §542.13; (2) if the grievance is not resolved to the inmate's satisfaction, he or she may then file a written Administrative Remedy Request within 20 days of the date the basis for the Request occurred. 28 C.F.R. §542.14; (3) if still not satisfied, the inmate may submit a written appeal to the appropriate Regional Director within 20 days of when the Warden signed the step two response. 28 C.F.R. §542.15; (4) the final step in the administrative process is a written appeal to the General Counsel within 30 days of the Regional Director's response. *Id.*

---

[5] The exhaustion requirement of the PLRA applies to all suits based on conditions of confinement, including actions under *Bivens*. *See Porter v. Nussle, supra*, 534 U.S. at 524.

According to the Declaration of Melody Morris, and as I found in Plaintiff's other case, (Defendant's Exhibit 5, Docket #13), Plaintiff has not completed this four-step administrative process. Therefore, his right of access claim should be dismissed without prejudice.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's motion to dismiss [Docket #13] be GRANTED, dismissing the FOIA claims with prejudice and the First Amendment right of access claim without prejudice. I further recommend that Plaintiffs' motion to stay or for summary judgment [Docket #15] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue

contained within the objections.


                                              S/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated: March 4, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 4, 2010.

                                              s/Susan Jefferson
                                              Case Manager