## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**BRUNO CHOINIERE**

        **Plaintiff,**

v.                                    Case No. 08-14854
                                           HONORABLE DENISE PAGE HOOD

**FEDERAL BUREAU OF PRISONS,**

        **Defendant.**

_____/

## ORDER

       This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation ("R&R") **[Docket No. 29, filed on March 4, 2010]**. Magistrate Judge Whalen recommends that Defendant Bureau of Federal Prison's Motion to Dismiss (Or in the Alternative, for Summary Judgment) **[Docket No. 13, filed on July 8, 2009]** be granted, dismissing the FOIA claims with prejudice and the First Amendment claim without prejudice. Magistrate Judge Whalen also recommends that Plaintiff Bruno Choiniere's Motion to Stay (Or in the Alternative, for Summary Judgment) **[Docket No. 15, filed on July 22, 2009]** be denied. Plaintiff filed objections to the R&R **[Docket No 30, filed on March 17, 2001]**. Defendant filed a response to Plaintiff's objections. **[Docket No. 31, filed on March 24, 2010]**.

       The standard for review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(B)(1). This Court "may accept, reject or modify,

in whole or in part, the findings or recommendations made by the magistrate." *Id.* The Court has had an opportunity to fully review this matter. The Court finds that Magistrate Judge Whalen reached the proper conclusions for the proper reasons. The Court will accept and adopt the Magistrate Judge's R&R as the findings of fact and conclusions of the Court.

Plaintiff has filed nine objections to the Magistrate Judge's R&R. First, Plaintiff argues that the Magistrate Judge improperly construed his Motion to Stay and Motion to Strike as a response to Defendant's Motion to Dismiss. The Court concludes that the Magistrate Judge did not improperly construe Plaintiff's motion. Despite the Magistrate Judge's order of July 13, 2009 [Docket #14] ordering Plaintiff to respond to Defendant's Motion to Dismiss, Plaintiff never filed a response. However, in substance, Plaintiff addresses the arguments raised in Defendant's Motion to Dismiss through his Motion to Stay and Motion to Strike, and even cites Defendant's motion in responding. The Magistrate Judge properly construed Plaintiff's motions.

Second, Plaintiff argues that the Magistrate Judge erred in construing Plaintiff's Motion to Strike as a response to Defendant's Motion to Dismiss, and failing to review Plaintiff's Motion for Sanctions for Affidavit Submitted in Bad Faith. Again, as Plaintiff has addressed Defendant's arguments, the Court finds that the Magistrate Judge did not err in construing Plaintiff's motion as a response. Further, Defendant's Motion to Dismiss was filed before Plaintiff's Motion for Sanctions for Affidavit Submitted in Bad Faith. Contrary to Plaintiff's arguments, the Court does not find that the arguments put forth by Defendants were frivolous. The Court agrees with the Magistrate Judge's findings.

Plaintiff's third objection is essentially the same as the second, arguing that the Magistrate Judge failed to consider Plaintiff's Motion for Sanctions for Affidavit Submitted in

2

Bad Faith, which Plaintiff asserts "attacked" the defenses raised by Defendant. Plaintiff states that this caused the Defendants to prevail by default. Plaintiff argues that Mr. Hill, of the Federal Bureau of Prisons, "lied" about not receiving letters sent by Plaintiff, and failed to prove that documents sent to Plaintiff actually reached Plaintiff. As to Plaintiff's contention that Mr. Hill "lied" about having not received Plaintiff's submissions, the Court finds there is no basis for finding bad faith. As to Plaintiff's contentions that Mr. Hill failed to prove Plaintiff actually received Defendant's responses to Plaintiff's requests, there is no legal authority requiring Defendant to prove or verify that a response to a FOIA request was actually received by the intended recipient. Defendant has established that mailings were sent to Plaintiff.

Fourth, Plaintiff objects to the Magistrate Judge addressing the denials of fee waiver requests by Plaintiff, because Plaintiff asserts that this issue was frivolously raised by Defendant in its Motion to Dismiss. The Court finds that Defendant's argument regarding the denial of Plaintiff's requests for fee waivers was not frivolous. The fee waivers were properly denied by the Defendant, meaning that the Plaintiff either needed to alter his request or pay the requisite fees. With respect to Plaintiff's argument that the Administrative Remedy Indexes (ARIs) have not been available to him, the Court finds that the Plaintiff has not complied with the four-step inmate grievance process necessary to exhaust administrative remedies, as outlined by the Magistrate Judge.

Objections five and six are essentially the same. Plaintiff argues that the Magistrate Judge failed to address claims made in subsequently filed motions, which are not being considered here. The Court finds that the Magistrate Judge properly addressed the issues raised in Defendant's Motion to Dismiss.

In objection seven, Plaintiff argues that the Magistrate Judge erred in considering the First Amendment right to access to the court claims because it was frivolously raised by Defendant. In objection eight, Plaintiff argues that the Magistrate Judge erred by failing to adequately consider his right to access to the courts claims. The Court finds that the "Non-FOIA" arguments proffered by Defendant were not frivolous, and were made in response to the claims set forth in Plaintiff's Amended Complaint. The Court further finds that the Magistrate Judge properly addressed these claims by restating that Plaintiff must first exhaust his administrative remedies by following the inmate grievance procedure.

Finally, Plaintiff argues that the Magistrate Judge erred in dismissing his Amended Complaint because he was confused by Defendant's frivolous arguments. Plaintiff further argues that the R&R conceals Defendant's improper withholding of information from Plaintiff. Again, the Court finds that Defendant's arguments were not frivolous, and responded to the issues raised in Plaintiff's Amended Complaint. The Court also finds that Plaintiff has not made any showing that the Defendant improperly withheld information from Plaintiff. The Magistrate Judge correctly addressed Defendant's Motion to Dismiss.

Accordingly,

**IT IS ORDERED** Magistrate Judge R. Steven Whalen's Report and Recommendation **[Docket No. 29, filed on March 4, 2010]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Defendant Bureau of Federal Prison's Motion to Dismiss (Or in the Alternative, for Summary Judgment) **[Docket No. 13, filed on July 8, 2009]** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Bruno Choiniere's Motion to Stay (Or in the Alternative, for Summary Judgment) **[Docket No. 15, filed on July 22, 2009]** is DENIED.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED** with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 30, 2010

I hereby certify that a copy of the foregoing document was served upon Bruno Choiniere, Reg. No. 08346027, Milan Federal Correctional Institution, P. O. Box 1000, Milan, MI 48160 and counsel of record on March 30, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager